### HORTON *v.* THOM.

CONTRACT.—*Construction of.*—*Pleading.*—*Demand of Judgment.*—An agree-- ment between A. and B. stipulated, that A., in consideration of $300 then paid and $2,834 to be paid in one, two, and three years, agreed, upon full' payment being made, to convey to B., by warranty deed, certain land de-- scribed; that B. should pay the purchase-money with ten per cent. inter- est; that if B. failed to pay the full amount at the expiration of three years, then A. was to pay back to B. all the money B. had paid, with ten per cent. interest from date of payment, A. having the right to retain an amount sufficient to pay him the reasonable rents, and the taxes, and $100; and that if B. failed to pay a sum sufficient to meet the rents and taxes, A. should have a lien on the crops for that amount. Suit by A. against B. on the agreement, the complaint alleging that B. had been in possession of the land since the date of the contract; the non-payment of $100 of the ad- vance payment and of the entire residue of the purchase-money; that the annual rents were of the value of $300; and that B. was insolvent; and praying for rescission of the contract; for $1,500 damages; that B.'s interest in the lands be sold and the purchaser be put in possession; and for gen- eral relief.

*Held* that the complaint showed a good cause of action for the $100 of the advance payment remaining unpaid and a further sum sufficient to cover the rents.

*Held*, also, that the fact that the plaintiff asked-for more than he was enti- tled to was no cause of demurrer.

APPEAL from the Jefferson Circuit Court.

GREGORY, J.—Suit by Horton against Thom on an execu- tory agreement for the conveyance of land.

The complaint avers, that Thom has been in the posses- sion of the land since the date of the contract; the non- payment of one hundred dollars of the advance payment; the non-payment of the entire residue of the purchase- money; that the annual rents are of the value of three hun- dred dollars; and that the defendant is insolvent. Prayer for rescission of the contract; for fifteen hundred dollars dama- ges; that defendant's interest in the land be sold; that the purchaser be put into possession; and for general relief.

A demurrer to the complaint was sustained, and this pre- sents the question in the case.

The agreement sued on stipulates, that Horton, in con-

sideration of three hundred dollars then paid, and the further sum of two thousand eight hundred and thirty-four dollars, "to be paid in one, two, and three years," agreed to convey to Thom, by warranty deed, the land, describing it; that Thom should pay the purchase-money with ten per cent. interest; that Horton should convey on full payment being made; that if Thom failed to pay the full amount at the expiration of the three years, then Horton was to pay back to him all the money he had paid, with ten per cent. interest from the date of payment, Horton having the right to retain an amount sufficient to pay him the reasonable rents for, and taxes on, the land, and one hundred dollars in addition thereto.  There is a stipulation in the agreement that if Thom fails to pay a sum sufficient to meet the rents and taxes, then Horton is to have a lien on the crops for that amount.

We hold the true construction of this agreement to be, that the plaintiff is entitled to the advance payment of the three hundred dollars, and to the further annual payment of a sum sufficient to cover the rents and taxes, with a lien on the crops therefor.  A failure to pay any of these sums entitles the plaintiff to sue.  The enforcement of the lien is not the plaintiff's only remedy.  No demand was necessary for the one hundred dollars.  It was due, and the suit is a sufficient demand.  The complaint shows a good cause of action for the one hundred dollars, and a further sum sufficient to cover the rents.  It was no cause of demurrer that the plaintiff asked for more than he was entitled to. The court erred in sustaining the demurrer to the complaint.

Judgment reversed, with costs; cause remanded, with directions to overrule the demurrer to the complaint, and for further proceedings.

*C. E. Walker* and *W. S. Roberts*, for appellant.

*E. R. Wilson* and *J. L. Wilson*, for appellee.